## JOHN A. MORRILL *vs.* JOHN S. KEYES.

If an auditor in making his report states the facts upon which his conclusions are founded the court may draw different conclusions from them.

One who holds a mortgage upon goods which form part of a stock of goods kept for sale in a shop, and which are intermingled with other goods of like character, may enforce the same against an officer who has attached the whole stock on a writ against the mortgagor, if, with the aid of the mortgagor, and having the goods before them for examination, he can identify and point out to the officer those which are covered by his mortgage; but if the officer refuses to comply with such mortgagor's demand for payment of his mortgage debt, and sells the whole of the attached property, he cannot afterwards resist payment thereof on the ground that the mortgagor is then unable to produce evidence to distinguish the specific articles covered by his mortgage.

TORT against the late sheriff of Middlesex, to recover damages for the act of Edwin L. Shed, one of his deputies, in attaching on a writ against Mary J. Woods a part of her stock of millinery goods, and certain other articles. The case was referred to an auditor, whose report was the only evidence introduced, at the trial in the superior court. The defendant contended that the plaintiff was bound by the conclusions of the auditor; but it was ruled otherwise, and, under directions from

*Rockwell, J.*, the jury returned a verdict for the plaintiff for $191.43; and the defendant alleged exceptions. The material facts are stated in the opinion.

*W. P. Webster*, for the defendant, cited, as to the intermin gling of the goods, *Willard* v. *Rice*, 11 Met. 493.

*T. Wentworth*, for the plaintiff, cited, to the same matter, *Carl ton* v. *Davis*, 8 Allen, 94 ; *Smith* v. *Sanborn*, 6 Gray, 134; *Ryder* v. *Hathaway*, 21 Pick. 298 ; *Harding* v. *Coburn*, 12 Met. 333.

WELLS, J.   Neither party having offered any evidence to control it, the auditor's report must be taken as a correct statement of the facts of the case.   The facts reported by him were incidentally connected with the statement of amounts, which he was required to make; and the finding of these facts was necessary to a proper statement.   *Locke* v. *Bennett*, 7 Cush. 445. *Quimby* v. *Cook*, 10 Allen, 32.

The authority of the court to appoint an auditor in such cases is expressly given by Gen. Sts. *c.* 121, § 46 ; and, although the form of the order is not given in the exceptions, it is to be presumed that it authorized the auditor to pass upon all questions of fact thus connected with the purpose for which he was appointed.   Besides, the defendant took no exception and raised no question in the superior court, as to the authority of the auditor to pass upon these facts.   The only question brought here by the bill of exceptions is whether, upon the facts stated in the auditor's report, the court could draw a different conclu sion from that which was arrived at by the auditor, and order judgment for a different amount.

The auditor reports a valid mortgage to secure an actual debt of $204.40, due to the plaintiff; an attachment, by the defendant's deputy, of the property covered by the mortgage ; a proper demand upon the officer, and a subsequent sale by him, without payment of the mortgage debt; the whole value of the millinery stock, $507.41 ; the value of goods purchased since the date of the mortgage, $156.73 ; value of goods covered by the plaintiff's mortgage, $350.68 ; value of goods covered by a previous mort gage to James C. Abbott, $200 ; leaving as the value of " the portion of said stock and merchandise included in the plaintiff's

mortgage, and not included in said mortgage " of earlier **date** $150.68. For this amount, as well as that about which there is now no controversy, the plaintiff is certainly entitled to recover unless some other fact reported or reason assigned by the auditor is sufficient to defeat that apparent right. There is neither, except the statement " that the same was intermixed with said other goods belonging to said Woods and with the goods included in said Abbott's mortgage ; and no evidence was produced before me tending to prove what specific items of said stock and merchandise attached by said Shed was included in the plaintiff's mortgage, or to distinguish the same from the goods included in said Abbott's mortgage, or from the goods belonging to said Woods, purchased by her after the plaintiff's mortgage. And in the absence of such proof, and in consequence of such intermingling, I find the plaintiff is not entitled to recover in this action for said stock of millinery goods and merchandise."

The intermingling of goods, which will defeat any recovery in such case, is not merely the placing of them in a store with other goods of like character, so that, after the whole stock has been sold by the officer and removed, sufficient evidence cannot be produced to distinguish the specific items for which the party is to be allowed in making up a statement by an auditor. It must be such an intermingling that the party cannot, with the aid of the mortgagor, and having the goods before them for examination, identify and point out to the officer those which belong to himself, so as to enable the officer to comply with his demand, if he shall desire to do so, instead of paying the mortgage debt or permitting himself to be sued. It does not appear that there was any intermingling which would have occasioned any difficulty of that sort. On the contrary, the precision with which the auditor has been able to ascertain the value of the portions of the stock which were differently affected by the state of the title would indicate that, if the stock itself had been present, the articles composing it might have been separated with equal facility. And furthermore, it does not appear that the intermingling of the goods was of any importance to the rights of the

parties. No attempt seems ever to have been made to separate the goods. The officer does not seem to have been ready at any time to yield to the plaintiff's demand; but sought to defeat his mortgage as fraudulent. Consequently he did not call upon the plaintiff to point out what belonged to him, and the plaintiff had no occasion to identify them until so called upon. *Smith* v. *Sanborn,* 6 Gray, 134. After the goods had been sold by the officer, the validity of the plaintiff's mortgage established before the auditor, and no question remained but to determine the amount which he was entitled to recover, it was too late to call upon him to establish by evidence the identity of the particular articles for which he claimed. The auditor erred in deciding that his inability or neglect to do so defeated his right to recover anything, when the value of his interest in gross was distinctly ascertained. As this was a conclusion of law only, and the facts reported by the auditor warrant the verdict which the judge directed, the exceptions are                               *Overruled*